Affirmed and Memorandum Opinion filed August 16, 2005









Affirmed and Memorandum Opinion filed August 16, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00093-CR

NO. 14-04-00094-CR

_______________

 

DENNIS RAY ETHEL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________

 

On
Appeal from the 12th District Court

Grimes
County, Texas

Trial
Court Cause Nos. 15,014 & 15,016 

__________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Dennis
Ethel appeals two convictions for aggravated robbery[1]
on the grounds that: (1) the evidence was legally and factually insufficient to
support the verdict; and (2) appellant was denied his right to confrontation.  We affirm.

 








Appellant=s first four issues contend that the
evidence was legally[2]
and factually[3]
insufficient because: (1) neither complainant could identify or describe their
assailant; (2) there were no eyewitnesses to the robbery; and (3) no physical
evidence was ever recovered that linked appellant to the robbery.

In
the robbery, both complainants were over eighty years old, and were struck so
hard in the head as they stood in their yard that they apparently lost
consciousness.  The primary item taken
was cash, including two one-hundred dollar bills.  Evidence supporting the verdict included
appellant=s admission to a close friend that he
was the one who robbed the complainants. 
In addition, appellant=s cousin testified that on the day and approximate time of
the robbery, appellant came to her house, which is two to four blocks from the
complainants= home, and asked to borrow some of
her husband=s clothes.  As appellant changed clothes, the husband saw
him remove three one hundred dollar bills from his pocket. The husband
testified that it was unusual for appellant to have that kind of money on him,
and he didn=t have a job.  Appellant also told the husband that he would
pay him fifty dollars to walk to the store with him and buy him
cigarettes.  As they walked to the store,
appellant remarked, AImagine, I just hit a lick,@ and AI hope those old fools are all right.@ 
Viewed in the light most favorable to the verdict, this evidence is
legally sufficient to prove that appellant robbed the complainants, and
appellant cites no evidence directly refuting his commission of the
offense.  Because his first four issues
thus fail to demonstrate the legal or factual insufficiency of the evidence,
they are overruled.








Appellant=s fifth issue argues that the trial
court violated his right of confrontation by denying his request for a
continuance when a prosecution witness did not return the following day to
testify in the defense=s case-in-chief. 
However, appellant made no written motion for continuance.[4]  In addition, the defense had an opportunity
to confront and cross-examine the witness during the State=s case, and appellant cites no
authority providing that an inability to further question a witness after the
State rests violates any right to confrontation.  Accordingly, appellant=s fifth issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed August 16, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment of ninety-two years confinement
plus a  $10,000 fine for each offense.





[2]           In
reviewing the legal sufficiency of the evidence, we look at all the evidence in
the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Vodochodsky v.
State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). 





[3]           In a
factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if proof of guilt is so
obviously weak as to undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  Id. at 510.





[4]           See
Tex. Code Crim. Proc. Ann. art.
29.03 (Vernon Supp. 2004-05); Dewberry v. State, 4 S.W.3d 735,
755 (Tex. Crim. App. 1999).